**Rafael VENEGAS–FELIX; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–72584.**

**Agency Nos. A75–772–764, A75–772–765.**

United States Court of Appeals, Ninth Circuit.

---

Submitted July 24, 2006.*

Decided July 31, 2006.

Rafael Venegas-Felix, Granada Hills, CA, pro se.

Patricia Perez, Granada Hills, CA, pro se.

CAC-District Counsel, Esq., Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Department of Homeland Security, San Francisco, CA, Stacy S. Paddack, Washington, DC, for Respondent.

Before ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Rafael Venegas–Felix and Patricia Perez, husband and wife and natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") order affirming without opinion an immigration judge's ("IJ") decision denying their applications for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review de novo claims of due process violations in immigration proceedings, *Sanchez–Cruz v. INS*, 255 F.3d 775, 779 (9th Cir.2001), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that petitioners failed to show exceptional and extremely unusual hardship. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 929 (9th Cir.2005).

Contrary to petitioners' contention, the IJ's interpretation of the hardship standard falls within the broad range authorized by the statute. *See Ramirez–Perez v. Ashcroft*, 336 F.3d 1001, 1004–06 (9th Cir. 2003).

Petitioners' due process challenge to the BIA's decision is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 851 (9th Cir.2003) (holding no due process violation where the BIA affirms the IJ's decision without issuing a separate opinion).

We do not consider whether petitioners established ten years of continuous physical presence, because their failure to establish the requisite hardship is dispositive. *See Romero–Torres v. Ashcroft*, 327 F.3d 887, 890 (9th Cir.2003) (noting that an applicant must establish continuous physical presence, good moral character and hardship to qualify for relief).

PETITION FOR REVIEW DISMISSED in part; DENIED in part.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.